IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-CR-00080 |
| v. | (Chief Judge Brann)[*] |
| HENRY JAMES HOLMES, | |
| Defendant. | |

## MEMORANDUM OPINION

AUGUST 13, 2024

### I.    BACKGROUND

Henry James Holmes, Defendant, is charged with one count of Mailing Threatening Communications in violation of 18 U.S.C. § 876(c) and one count of Influencing, Impeding, or Retaliating Against a Federal Official by Threat in violation of 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4).[1] On August 6, 2024, the Court largely disposed of the United States of America's Omnibus Motion in Limine.[2] In that Memorandum Opinion, I reserved judgment on the admissibility of three sealed exhibits. Since then, the Court has also received the Government's Motion in Limine to Take Judicial Notice of Adjudicative Facts Pursuant to Federal Rule of Evidence 201.[3]

---

[*] The Honorable Matthew W. Brann, Chief United States District Judge for the Middle District of Pennsylvania, sitting by designation.
[1] Doc. 67 (Superseding Indictment).
[2] Doc. 104 (Ord. Granting in Part and Denying in Part Omnibus Motion in Limine).
[3] Doc. 108 (Motion in Limine to Take Judicial Notice of Adjudicative Facts Pursuant to FED. R. EVID. 201).

## II.     DISCUSSION

### A.     Omnibus Motion in Limine

A motion in limine "allow[s] the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."[4] A "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds."[5] Further, I may defer ruling on this motion "if the context of trial would provide clarity."[6] Finally, I note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[7]

The remaining issue from the Government's Omnibus Motion in Limine concerns the admissibility of three documents filed as sealed exhibits due to their restricted nature. Like much of the Omnibus Motion in Limine, the admissibility of these three documents turns on whether they are intrinsic evidence or admissible under Federal Rule of Evidence 404(b).

The United States Court of Appeals for the Third Circuit has "reserve[d] the 'intrinsic' label for two narrow categories of evidence. First, evidence is intrinsic if it 'directly proves' the charged offense … Second, 'uncharged acts performed

---

[4]  *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017).
[5]  *Id.*
[6]  *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012).
[7]  *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime.'"[8]

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." "Because Rule 404(b) is a rule of general exclusion, the party seeking to admit other-acts evidence has 'the burden of demonstrating [the evidence's] applicability.'"[9] "Admissibility under Rule 404(b) requires the satisfaction of four distinct steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction."[10] This analysis requires "careful precision" from the Court.[11]

---

[8]   *United States v. Green*, 617 F.3d 233, 248-49 (3d Cir. 2010) (internal citations omitted).
[9]   *Id.* (quoting *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014)).
[10]  *Id.* (citing *Huddleston v. United States*, 485 U.S. 681, 691, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988); *Caldwell*, 760 F.3d at 277-78).
[11]  *United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) (citing *Caldwell*, 760 F.3d at 274).

Defendant makes the same argument concerning all three documents in the Sealed Exhibit. Accordingly, I will perform one analysis under Rule 404(b) for the sake of simplicity.

The Government contends that all three of these letters provide context to the *Bad Elk* reference contained in the April 7, 2023 letter. As was the case with some of the letters I previously evaluated, this context serves a relevant, non-propensity purpose under Rule 404(b). These documents also individually pass the Rule 403 balancing test as they are not unfairly prejudicial nor likely to confuse the jury. An appropriate limiting instruction will ensure that Holmes is judged solely on the April 7, 2023 Letter; while these earlier letters may be prejudicial, I do not believe they are unfairly so. Although Holmes also posits that the cumulative weight of the various admitted letters exposes him to unfair prejudice and the jury to the risk of substantial confusion, I am not able to determine if that is the case at this point. Accordingly, Defendant is free to raise this objection at trial if an appropriate occasion arises.

As Defendant aptly notes in his Response Brief, "the Government's interpretation of what Mr. Holmes meant by his handwritten annotations is not relevant to the jury's consideration."[12] Unless Holmes testifies and therefore places his belief at issue, the Government may not use these letters to indicate what it believes Holmes meant when referencing *Bad Elk*. As such, I take a moment to

---

12  Doc. 105 (Response to Government's Reply Brief) at 3.

clarify how these letters may be used. Rather than providing context to its own interpretation of Holmes' writing, the Government may use these letters to provide necessary background to understand how the Marshals or the judges interpreted the *Bad Elk* reference in the April 7, 2023 Letter. An appropriate limiting instruction instructing the jury to that effect will be issued should Defendant request one.

### B. Motion in Limine to Take Judicial Notice of Adjudicative Facts

In this motion, the Government proposes a number of facts that the Court should take judicial notice of pursuant to Federal Rule of Evidence 201. Rule 201 allows a court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." As the Third Circuit has noted, I "may take judicial notice of the contents of another Court's docket."[13] Since I have previously determined that these documents are relevant,[14] I take judicial notice of the facts identified by the Government in its Motion as this form of presentation significantly reduces the risk of confusing the jury.[15]

---

[13] *Orabi v. Att'y Gen. of the United States*, 738 F.3d 535, 537 n.1 (3d Cir. 2014).
[14] Doc. 103 (Aug. 2, 2024 Mem. Op.).
[15] Doc. 108 (Motion in Limine to Take Judicial Notice Pursuant to Fed. R. Evid. 201) at 5-8.

## III. CONCLUSION

For the reasons discussed above, I grant the remaining portion of the Government's Omnibus Motion in Limine and the Motion to Take Judicial Notice of Adjudicative Facts Pursuant to Federal Rule of Evidence 201.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge for
the Middle District of Pennsylvania
Specially Presiding